IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EVETTA FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:14cv376-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Evetta Frazier ("Plaintiff") filed an application for supplemental security income under Title XVI of the Social Security Act ("the Act"). Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the application date of April 27, 2011, through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected her request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3]   *McDaniel* is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff, who was forty-eight years old on the date the application was filed, has a tenth-grade education. Tr. 26. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since April 27, 2011, the application date." Tr. 23. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "osteoarthritis of the knees and rheumatoid arthritis." *Id.* At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* Next, the ALJ found that Plaintiff "has the [RFC] to perform the full range of sedentary work as defined in 20 C.F.R. [§] 416.967(a)." Tr. 24. The ALJ concluded at Step Four that Plaintiff "is unable to perform any past relevant work." Tr. 26. Finally, at Step Five, applying the grids, the ALJ determined that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from April 27, 2011, the date the application was filed." Tr. 27.

### IV. PLAINTIFF'S CLAIMS

Plaintiff presents the following issues for this court's consideration in review of the ALJ's decision: (1)Whether the ALJ's RFC finding is supported by substantial

5

evidence; and (2) Whether the ALJ erred in his application of the Medical-Vocational Guidelines.  Pl.'s Br. (Doc. 12) at 6.  Because the court determines the first issue requires remand for further proceedings, the court declines to address the second issue at this time.

## V. DISCUSSION

Plaintiff argues that the ALJ's RFC finding that Plaintiff is capable of performing the full range of sedentary work is not supported by substantial evidence because "the medical evidence of record[, including one source whose opinion the ALJ assigned "significant" weight,] indicated that [Plaintiff] suffers from additional limitations which are inconsistent with the ALJ's finding." Pl.'s Br. (Doc. 12) at 6.

Plaintiff points the court to the opinion of Plaintiff's treating physician, Dr. Karen Kinsell, M.D., whose opinion the ALJ afforded "significant weight." *Id.* at 7.  The ALJ discussed Dr. Kinsell's opinion as follows:

> In terms of [Plaintiff]'s alleged claims of an inability to work due to arthritis, the [ALJ] gives significant weight to the opinion of Karen Kinsell, M.D., her treating physician.  The [ALJ] finds it extremely significant that Dr. Kinsell found [Plaintiff can] sit for 6 hours during an 8-hour day and stand and walk for one hour each during an 8-hour day.  She found [Plaintiff] can frequently lift up to 10 pounds and occasionally carry up to 10 pounds.  She found [Plaintiff] can use her hands for simple grasping and fine manipulation.  The [ALJ] notes that Dr. Kinsell did indicate [Plaintiff] is unable to squat, crawl or climb but there is no evidence to indicate those restrictions would prevent her from performing sedentary work activity (Exhibits 3-F, 7-F and 8-F).

Tr. 24.

However, as Plaintiff points out, the ALJ's summary does not encompass the entirety of Dr. Kinsell's opinion. Plaintiff highlights that "the ALJ's decision is silent . . . as to Dr. Kinsell's [opinion that Plaintiff is limited] to occasional bending and reaching and no use of the hands for repetitive actions such as the pushing and pulling of arm controls." Pl.'s Br. (Doc. 12) at 7-8. Plaintiff asserts that "the most meaningful flaw" in the ALJ's decision is the "failure to address the reaching restrictions set forth by Dr. Kinsell." *Id.* at 8. "As the ALJ fails to discuss this clearly important limitation from a medical source assigned 'significant weight,' it is impossible to determine whether the ALJ merely overlooked this limitation or simply ignored it." *Id.* at 9-10.

The court agrees. The ALJ's decision leaves the court unable to determine if the ALJ considered Dr. Kinsell's opinion that Plaintiff's ability to reach is limited but found it incredible, or if the ALJ overlooked the limitation entirely. While it is true that the description of sedentary work provided in 20 C.F.R. § 416.967 does not explicitly require the ability to reach, it is clear that a reaching limitation would significantly limit one's employment options. This point is addressed in Social Security Ruling 85-15, which states as follows:

> *Reaching, handling, fingering, and feeling* require progressively finer usage of the upper extremities to perform work-related activities. **Reaching (extending the hands and arms in any direction)** and handling (seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands) are activities **required in almost all jobs. Significant limitations of reaching** or handling, therefore, **may eliminate a large number of occupations a person could otherwise do.**

SSR 85-15 (emphasis added).

In response to Plaintiff's claims, the Commissioner asserts that "Plaintiff has misunderstood the ALJ's decision," because "Plaintiff seems to assume that because the ALJ has accorded significant weight to [Dr. Kinsell's] opinion . . . [,] the ALJ has accepted and adopted each every single limitation [the doctor] listed," when "[i]n fact, the ALJ did not adopt [Dr. Kinsell's] assessment . . . or give it controlling weight, but gave it 'significant weight' in determining Plaintiff's RFC." Def.'s Br. (Doc. 13) at 8.

While the Commissioner is correct that the ALJ was not required to adopt each piece of Dr. Kinsell's opinion, the ALJ did have a duty to express why he rejected, if he so did, portions of Dr. Kinsell's opinion when he simultaneously found the overall opinion to be entitled to significant weight. *See McCloud v. Barnhart*, 166 F. App'x 410, 419 (11th Cir. 2006) ("The ALJ is required . . . to state with particularity the weight he gives to different medical opinions and the reasons why."); *see also Butler v. Barnhart*, 353 F.3d 992 (D.C. Cir. 2004) (court unable to identify substantial evidence supporting the ALJ's RFC assessment that plaintiff can perform sedentary work when ALJ failed to mention specific portions of the treating physician's opinion, including that plaintiff was unable to reach, lift, or stoop).

Without an explanation for why some of Dr. Kinsell's limitations were addressed by the ALJ and some were not, the court is unable to conduct a full review of the ALJ's decision to determine whether it is supported by substantial evidence. On remand, the

ALJ should reevaluate Dr. Kinsell's opinion in its entirety and, if the ALJ finds portions of the opinion to be entitled to less-than-significant weight, express why those portions are rejected.

## VI.    CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner to reevaluate Dr. Kinsell's opinion, specifically that Plaintiff is limited in her ability to reach, and, if the ALJ rejects portions of the opinion, he must express why those portions are rejected.

A separate judgment will issue.

Done this 5th day of May, 2015.

>  /s/ Wallace Capel, Jr.
>  WALLACE CAPEL, JR.
>  UNITED STATES MAGISTRATE JUDGE